UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JUDY LANE, DION LITTIG, STANLEY KAUZLARICH, CHRISTOPHER JONES, and DAVID MAKI JR., on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ATLAS ROOFING CORP.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 4:11-cv-04066-SLD-JAG<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER

This case involves Plaintiffs' claims against Defendant Atlas Roofing Corporation for allegedly failing to comply with the overtime pay provisions of the Fair Labor Standards Act, 29 U.S.C. 201 et seq. ("FLSA").  Plaintiffs presently have two motions before the Court.  First, the named Plaintiffs have filed an unopposed motion for conditional certification of a collective action and for approval of the proposed form, content, and mailing-notification to be given to additional prospective co-plaintiffs.  (Mot. to Certify Class Conditionally and to Approve Proposed Notice (Uncontested) ("Mot. to Certify"), ECF No. 15.)  Second, Plaintiffs filed a motion seeking an order compelling Defendant to supplement the mailing-notification by posting the proposed notice of the collective action in Defendant's facilities.  (Mot. for Additional Class Notice, ECF No. 16.)  For the reasons set forth below, the Court GRANTS Plaintiffs' Uncontested Motion for Class Certification, approves the proposed notice of lawsuit, and DENIES Plaintiffs' Motion for Additional Class Notice.

I. **BACKGROUND**

Plaintiffs in this action are former nonexempt hourly workers at Defendant's facility in East Moline, Illinois. (Compl. at ¶ 1, ECF No. 1.) Plaintiffs seek to bring a collective action, on behalf of themselves and others similarly situated, under the overtime pay provisions of the FLSA. Plaintiffs have defined the collective group of prospective plaintiffs as "all persons working in hourly production positions for Atlas Roofing Corporation at the East Moline, Illinois plant for the period of August 31, 2008 to the present." (Compl. at ¶ 16.) Plaintiffs allege that Defendant required these employees to remain on the premises and "within visual range of the lunchroom window" during their unpaid lunch break and that they were required to work "nearly every day" during their lunch break. (Compl. at ¶¶ 2, 31(c).) As a result of Defendant's requirements, Plaintiffs assert that they worked in excess of forty hours each work week. (Compl. at ¶ 29.) Plaintiffs allege that Defendant violated the FLSA since they were not paid overtime for the work they performed in excess of forty hours per week.

II. **LEGAL FRAMEWORK**

Under the FLSA, nonexempt employees are entitled to overtime pay of at least one and a half times their normal hourly rate for any time worked in excess of forty hours per week. 29 U.S.C. §207(a)(1). A collective action seeking redress under the FLSA is distinct from a class action under the Federal Rules of Civil Procedure and is subject to different standards. *See* Fed. R. Civ. P. 23; *North v. Bd. of Tr. of Ill. State Univ.*, 676 F. Supp. 2d 690, 694 (C.D. Ill. 2009). While a Rule 23 class action operates on an "opt-out" basis, in which eligible parties are included in the class by default, Fed. R. Civ. P. 23(c)(2), parties who wish to join a collective action under the FLSA as plaintiffs must "opt-in" by filing written consent with the court. *See* 29 U.S.C. §216(b); *North,* 676 F. Supp at 694 (citing *Woods v. New York Life Ins. Co.*, 686 F.2d

578, 580 (7th Cir. 1982)). A prospective collective member who does not "opt-in" is not bound by the court's decision in the collective action. *Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 848 (N.D. Ill. 2008).

The majority of courts, including the district courts of this Circuit, have adopted a two-step approach to collective actions under the FLSA.[1] *North,* 676 F. Supp. at 694 (collecting cases). In the first step, the Court determines whether the plaintiffs have made a "modest factual showing that the members of the proposed collective action are 'similarly situated.'" *Id*. If this factual burden is met, the Court may conditionally certify the collective action. *Id.* The Court may then order that notice be sent to prospective members informing them of their right to "opt-in" as co-plaintiffs in the action. *See Jirak*, 566 F. Supp. 2d at 847. At the second step, which occurs after the close of discovery and the prospective plaintiffs' "opt-in" period, the Court reevaluates whether the plaintiffs are sufficiently "similarly situated" to justify a collective action. *North,* 676 F. Supp. 2d at 695. If the evidence adduced during discovery demonstrates that the individuals that have joined the action are not truly similarly situated relative to the claims asserted in the complaint, the Court can revoke the conditional certification of the collective action. *Id*.

### III. ANALYSIS

#### A. Conditional Certification

Before the Court is Plaintiffs' unopposed motion for conditional certification of the proposed FLSA collective action. The motion is uncontested, but Defendant expressly reserved its right to move the Court to decertify any collective action that is conditionally approved by the Court at this time. (*See* Mot. to Certify ¶ 2 ("Defendant reserves the right to move to decertify the collective action at a later date.").) Defendant's reservation of rights is entirely consistent

---

[1] Here, neither party challenges the use of the two-step approach.

with the two-step approach to certification and Defendant will be able to challenge the conditional certification in a secondary review after all prospective members have had the opportunity to opt-in to the suit and the questions of fact have been investigated more thoroughly by the parties. *See Alexander v. Caraustar Ind.*, No. 11 C 1007, 2011 WL 2550830, at *2 (N.D. Ill. 2011); *Jirak,* 566 F. Supp. 2d at 850; *DeKeyser v. Thyssenkrupp Waupaca, Inc.*, No. 08-C-488, 2008 WL 5263750, at *4 (E.D. Wis. 2008).

At this time, the Court finds that Plaintiffs have made an adequate factual showing for certification. *See North,* 676 F. Supp. 2d at 694. An "affidavit, declaration, or other support beyond allegations" is typically sufficient to overcome the modest burden of showing that other similarly situated employees exist. *Molina v. First Line Solutions L.L.C.*, 566 F. Supp. 2d 770, 786 (N.D. Ill. 2007). Plaintiffs submitted affidavits from five employees, each stating that the employee was not paid for work performed during unpaid lunch breaks and that the employee was told to remain on the company premises during those lunch breaks. Furthermore, each affidavit refers to "co-workers" and "fellow employees" who were subject to the same policies. (*See, e.g.*, Dion Litting Aff. ¶¶ 3, 4, ECF No. 2-2.) The affidavits also refer to "company-wide meetings" where management told employees that complaints regarding the lunch policies would result in termination. (*Id*. ¶ 5.) From this evidence, the Court grants conditional certification of Plaintiffs' proposed collective action.

    B.    **Notice by Mail**

The Court also approves the content of Plaintiffs' "Notice" and "Consent" forms and Plaintiffs' plan to provide these forms to prospective co-plaintiffs by first class U.S. Mail. (*See* Mot. to Certify, Ex. A.) The FLSA does not expressly indicate what, if any, notice must be given to prospective collective members. *See* 29 U.S.C. 216(b). However, the Supreme Court

has authorized judicial intervention in the notice process, and the need for "accurate and timely notice" to ensure that prospective members have an opportunity to make an informed decision regarding participation in the action. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). In doing so, courts may "regulate the content and distribution" of notice to prospective collective members to insure that it is accurate, timely, and reaches the appropriate individuals. *Woods*, 686 F.2d at 580. In general, mail is acknowledged to be a sufficient method of providing notice of a collective action when there is no indication of any errors or omissions in the list of names and addresses of prospective members provided by a defendant. *See Howard v. Securitas Security Servs., USA Inc.*, No. 08 C 2746, 2009 WL 140126, at *9 (N.D. Ill. 2009). Here, the parties have reached an apparent agreement regarding the form and content of the notice and the Court finds no reason to question the propriety of providing that notice to prospective class members by first class mail. The Court therefore approves Plaintiff's proposed form, content, and means of providing notice by mail.

### C.    Additional Notice

Plaintiffs also ask the Court to order Defendant to post copies of the notice in three high traffic areas within Defendant's East Moline facility. (*See* Mot. for Additional Class Notice ¶ 10, ECF No. 16.) Plaintiffs argue that this additional posting is needed to mitigate the potential chilling effect posed by the possibility of retaliation by Defendant should prospective members "opt-in" and join the action. (*See id*. ¶ 6.) In response, Defendant argues that posting is unnecessary because Plaintiffs have not demonstrated that prospective collective members will not receive sufficient notice by mail and that there otherwise exists a plausible threat of retaliation that would undermine the effectiveness of that notification. (*See* Def.'s Resp. 1, 2, ECF No. 17.) On balance, the Court agrees with Defendant on this issue.

Courts have ordered duplicative notification by posting and mail where there is some evidence that notice by mail alone would be insufficient to provide prospective collective members with accurate and timely awareness of the pending action, and have denied it where no such concern is present. *Compare Barreda v. Prospect Airport Servs. Inc.*, No. 08 C 3239, 2008 WL 7431262, at *4 (N.D. Ill. 2008) (allowing duplicate notice on unopposed motion where there are statute of limitations concerns), *and Adams v. Inter-Con Security Sys., Inc.*, 242 F.R.D. 530, 541-42, (N.D. Cal. 2007) (allowing duplicate notice where there may have been errors in the list of "thousands" of prospective collective members provided by defendant), *with Howard*, 2009 WL 140126, at *9 (declining to order posting absent evidence that mailing is ineffective), *and DeKeyser*, 2008 WL 5263750, at *6 (denying a request to post notice when it is unclear why mail and publication in newspapers is not sufficient). Courts acknowledge that mandatory postings can be overly intrusive, especially when a workplace posting is meant to supplement a mailed notice. *See*, *e.g., Howard* 2009 WL 149126 at *9. To justify this sort of duplicative notification, there must be some showing that mailing of the notice is not sufficient to provide prospective members with accurate and timely notice of their potential right to join the lawsuit. *Id.*

Here, Plaintiffs have made no showing that a mailed notification would be insufficient to advise prospective members of the action in a timely and accurate manner. Plaintiffs make no allegations that the employee list Defendant has agreed to provide to Plaintiffs will contain any significant errors or omissions. While Plaintiffs note that "[i]ssuing Notice [*sic*] through a variety of methods is particularly necessary where there is a risk that not all class members will receive the Notice [*sic*]," they make no representation as to the existence or extent of such a risk in the present case. (*See* Mot. for Additional Class Notice ¶ 9.) The Court further notes that the

list of potential plaintiffs in this action contains only 24 individuals, six of whom are already named Plaintiffs. (Def.'s Resp. 2.) The Court therefore finds that the risk that any errors or omissions regarding the prospective members' contact information will lead to failures to notify is minimal since the number of prospective members is small and Plaintiffs can easily track the notification status of prospective collective members on an individual basis. Under these circumstances, the Court cannot conclude that notification by mail will fail to reach prospective collective members.

Additionally, the potential chilling effect from a fear of retaliation by Defendant does not, at this time, justify the requested workplace posting. Plaintiffs allege that that they are "concerned that prospective class members will be concerned about retaliation," but do not provide any particular basis for their concern. (*See* Mot. for Additional Class Notice ¶ 4.) Yet, even if there was evidence supporting a legitimate fear of retaliation, the fear would be extinguished by the anti-retaliation notices posted throughout Defendant's East Moline facility (*id.* ¶ 5), and the express statement of non-retaliation included within the notice form (Mot. to Certify, Ex. A at 4). Accordingly, the requested posting would be redundant and superfluous, since prospective collective members already have been or will be provided with information on retaliation from multiple sources. In sum, the Court finds that postings at Defendant's East Moline facility would do little to further the ability of prospective collective members to "make informed decisions about whether to participate." *Hoffman-La Roche Inc.* 493 U.S. at 170.

Since there is no showing that mail notice is insufficient, it is intrusive and unnecessary to order posting of notice on Defendant's premises. However, the Court reminds Plaintiffs that they are free to seek approval for other, less invasive means of giving notice, such as publication

in local newspapers, if they feel it is advisable. *See King v. ITT Cont'l Baking Co.*, No. 84 C 3410, 1986 WL 2628, at *5 (N.D. Ill. 1986).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Uncontested Motion to Certify Class Conditionally and to Approve Proposed Notice is GRANTED and Plaintiffs' Motion for Order for Additional Class Notice is DENIED. Defendant shall provide Plaintiffs with a complete list of the names and addresses of all current and former hourly nonexempt production employees who worked for Defendant at the East Moline facility over the last three years within fourteen (14) days of this Order.

Entered this 11th day of July, 2012.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE